PER CURIAM.
By this interlocutory appeal plaintiff seeks reversal of the trial court’s order setting aside the default entered against the *533 defendant for its failure to serve or file an answer or other pleadings to plaintiff’s complaint for damages.
On February 6, 1975, proper service was made on the defendant, The Club, Inc. d/b/a Kings Bay Yacht and Country Club, Inc. Ten days after defendant’s answer was due a default was entered pursuant to plaintiff’s motion.
On March 17, 1975, plaintiff filed a notice for trial and sent a copy to defendant’s resident agent. On May 28, 1975, almost three months after the entry of the default, the defendant by and through its attorneys moved to set aside the default on the grounds of excusable neglect. The motion was supported by affidavits from Doug Hetherington, underwriter for Hull & Co. and Al Ives, Casualty Claims Supervisor for Devonshire Coverage Corporation. The trial court entered its order on June 30, 1975 setting aside the default.
Appellant contends that the trial court erred in the entry of the order because the affidavits in support of defendant’s motion were legally inadequate to support the motion and because, based on the facts of the case, the defendant’s excuse for failure to answer plaintiff’s complaint in a timely fashion was legally insufficient to justify the setting aside of the default.
It is apparent from the record that the defendant, The Club, Inc., filed no affidavit on its own behalf by any officer or agent seeking to justify its failure to respond to plaintiff’s complaint. The only affidavits filed were by agents of the defendant’s insurance company seeking to justify that insurance company’s failure to take action to respond to the complaint.
We find merit in appellant’s contention that the affidavits in support of defendant’s motion were legally inadequate to support the motion to set aside the default. As we said in Winky’s, Inc. v. Francis, Fla.App.1970, 229 So.2d 903, “Before a trial judge may vacate a default, a corporate defendant must allege and prove excusable neglect of an officer or agent.” Since neither an affidavit or other proof appear in the record to show excusable neglect by an officer or agent of the defendant nor was it made to appear that the defendant had a meritorious defense, the motion should have been denied. Chaney v. Headley, Fla., 90 So.2d 297.
Therefore, for the reasons stated, the order setting aside the default is reversed and the cause is remanded for further proceedings.
Reversed and remanded.