475 So.2d 982 (1985)
BAYVIEW TOWER CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
David SCHWEIZER, Appellee.
No. 84-2730.
District Court of Appeal of Florida, Third District.
September 17, 1985.
Joe N. Unger, H. Dane Mottlau, Miami, for appellant.
*983 Sams, Ward, Newman, Elser & Lovell and Robert Scott Newman, Miami, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
The order denying the motion to vacate a clerk's default against the defendant below, Bayview Tower Condominium Association, Inc., is affirmed for three reasons. These reasons may be briefly stated as follows.
First, the affidavits in support of the motion to vacate filed below are legally insufficient because they make no reference to the aforesaid defendant in this case; instead, they refer entirely to the defendant's insurance company and its agents. This being so, there was utterly no showing below of excusable neglect by the defendant in failing to respond to the plaintiff's complaint  which failure of proof was fatal to the subject motion to vacate. Sherer v. The Club, Inc., 328 So.2d 532 (Fla. 3d DCA), cert. dismissed, 334 So.2d 604 (Fla. 1976).
Second, the record shows totally inexcusable delays on the part of the defendant's insurance company in losing, and failing to discover after fair notice, the insurance adjuster's file in this case. Indeed, the affidavits show that the said company took five months to discover the file after being informed of the necessity to have the defendant file an answer herein. This inexcusable neglect was fatal to the subject motion to vacate filed below. See Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978).
Third, the defendant herein waited a month after its insurance company was informed of the default herein before moving below to vacate the said default. This delay showed a lack of due diligence in seeking relief after learning of the default and was fatal to the subject motion to vacate filed below. See B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1347 (Fla. 3d DCA 1981).
For these reasons, we conclude that the trial court committed no gross abuse of discretion in denying the motion to vacate the clerk's default herein. The order under review is therefore
Affirmed.