WENTWORTH, Judge.
This is an appeal from a judgment entered on jury verdict for plaintiff/appellee in a negligence action, and an order by which a motion for new trial on the issue of appellee’s damages was denied. We affirm the judgment as to appellant Reshard’s liability for destruction of appellee’s house, but reverse in part the damages awarded.
The appellee McQueen, plaintiff below, owned and occupied an old, small house on a parcel of land adjacent to a lot which was being cleared for development. During the clearing of this adjacent lot a large tractor, belonging to appellant and operated by his son, rolled backwards into appellee’s house and destroyed the small structure. None of the occupants of the house actually witnessed the tractor rolling into the house. Five minutes later appellee’s son arrived on the scene and talked with an individual who identified himself as Henry Reshard (appellant’s son). He was standing beside the large tractor which was backed into the house, and stated that the engine on the tractor had stalled while he was using it and the tractor had rolled backwards about 200 feet into appellee’s house.
Appellee filed a negligence action against the appellant Thomas Reshard, owner of the tractor, along with Royal American Construction Co. and B.R. Thompson Earth Works, Inc., for the damage to her house. Appellant failed to file any responsive pleadings or to defend at trial. Defendants Royal American and B.R. Thompson filed a motion to dismiss which was granted with leave to amend. On January 26, 1987 a motion for default was granted as to defendant Thomas Reshard for his failure to serve any response to the complaint. Plaintiff filed her amended complaint on January 27, 1987, naming the same defendants.
The cause proceeded to trial in March of 1988, and Reshard did not appear or defend at trial. The evidence as to how the accident occurred, and who owned and operated the tractor, consisted of testimony by plaintiff and her son (admitted without objection) about their conversation with appellant’s son, Henry, at the scene, and their observation of “the Reshards” moving logs during work on the adjacent Royal American property. The jury returned a verdict of no vicarious liability for damages on the part of either Royal American or B.R. Thompson, resting liability solely on defendant Reshard.
Appellant presents only three issues on appeal: 1) that the court erred in denying appellant’s motion for new trial because the jury’s verdict finding appellant negligent was legally insufficient and contrary to the manifest weight of the evidence; 2) that the trial court erred in denying defendant’s motion for new trial because the damage award was excessive; and alternatively 3) that the trial court erred in denying defendant’s motion for remittitur in lieu of a new trial.
We conclude that the record does not establish reversible error in denial of the motion for new trial on the determination of appellant’s liability for negligence in operation of the tractor. On this issue appellant presents only an argument (without precedent on these facts) that the default entered against him was nullified by the filing of an amended complaint on the day following the default. The amended complaint was filed pursuant to an order granting the other defendants’ motion to dismiss in which appellant had not joined. The order merely recited the granting of the motion and allowed amendment without reference to grounds stated. Appellant has by apparent design omitted the motion from the record on appeal because appellant was not a movant, and presents no *813 analysis here as to any amendments affecting the substance of the claim against appellant.[1] We are unable in these circumstances to conclude that the amended complaint should be accorded the effect appellant urges, or to find that appellant has preserved any point of merit with respect to the issue of liability. We therefore affirm on this point, even assuming some ambiguity in the predicate for appellant’s liability stated in the record and judgment, and in the allegations as to his conduct of the log moving operations with his son, Henry, who drove appellant’s vehicle at the time of its mechanical failure and collision with appellee’s house.[2]
As to damages, evidence was submitted on the cost of either repairing or replacing the destroyed structure, including information on the value of appellee’s house prior to and after the accident. Ap-pellee had been in the process of renovating her house at the time of the accident, and the testimony of a claims adjuster demonstrated that the house was worth $9677 immediately before the accident. Because the house was destroyed in the accident, it was condemned as too dangerous to occupy. It therefore appeared to have been rendered essentially valueless by the accident. The jury was instructed that the damages for which appellant was to be held responsible included that amount representing “the difference between the value of the structure and the property prior to the time of the incident and the value immediately thereafter.” The jury subsequently awarded appellee $28,000, which represented the cost of replacing the house with a new structure of comparable size. may properly make an award, the verdict should be vacated. Id. at 627. As noted above, the evidence in this case indicated that appellee’s house was essentially without value after the accident. The trial court had instructed the jury that appellee’s damages were to be measured by the difference between the value of the structure before the accident and its value after the accident. Under those instructions the award to appellee of $28,000 is not within the reasonable range of permissible awards, and must therefore be reversed. We conclude, however, that a new trial on damages may not be compelled because the record evidence clearly establishes $9677, together with interest from the date of accident, as the maximum award of damages consistent with the instructions which the jury received without objection.
We affirm the judgment on liability and remand the cause to the trial court with directions to grant appellant’s motion for remittitur and enter judgment accordingly.
ERVIN and ZEHMER, JJ., concur.
A jury’s determination of the quantum of damages is of course generally accorded deference. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1977). However, where the verdict exceeds the maximum limit of a reasonable range within which the jury

. Cf., 47 Am.Jur.2d Judgments, sec. 1177.

. Ibid., sec. 1175: "[T]he general rule is that, on a default, the complaint is to be leniently construed and every reasonable inference indulged to support a cause of action. Hence, a judgment rendered upon default will not be held void ... provided its direct averments necessarily imply or reasonably require an inference of the facts necessary to supply the defense.”