701 So.2d 565 (1997)
SAFETITLE, INC., f/k/a KGH, Inc., Appellant,
v.
FIDELITY NATIONAL TITLE INSURANCE, etc., et al., Appellee.
No. 97-0135.
District Court of Appeal of Florida, Fifth District.
August 29, 1997.
Rehearing Denied September 30, 1997.
*566 Clifford L. Adams and John W. Dill of Rumberger, Kirk & Caldwell, Orlando, for Appellant.
Timothy M. Williams of Potter, McClelland, Marks & Healy, P.A., Melbourne, for Appellee.
ANTOON, Judge.
Safetitle, Inc., appeals the nonfinal order entered by the trial court denying its motion to set aside the default judgment entered by the clerk in favor of Steven Lumbert due to Safetitle's failure to serve or file any paper in the action.[1] Because the record does not support Safetitle's claim that the trial court abused its discretion in denying the motion, we affirm.
The litigation in the trial court stemmed from a real estate closing which was concluded without the title insurer or the closing agent discovering that structures located on the purchaser's property were subject to a submerged land lease which encumbered the title to the property. The litigation began when National Title Insurance Co. of Pennsylvania (Fidelity) filed a declaratory judgment action against Steven Lumbert, the purchaser of the subject property, regarding its liability to Lumbert. Lumbert responded by filing an answer and a counterclaim against Fidelity, as well as a third-party complaint against Safetitle, the closing agent. The third-party complaint was served on March 3, 1996. In his pleading, Lumbert asserted claims against both Fidelity and Safetitle for breach of an implied contract, breach of a fiduciary duty and negligence, and a separate claim against Fidelity for breach of his title insurance contract. Fidelity responded to the counterclaim by filing a timely motion to dismiss. However, Safetitle did not respond to Lumbert's third-party complaint.
On April 25, 1996, fifty-two days after service of the third-party complaint, Lumbert moved the clerk to enter a default against Safetitle for its failure to file or serve any paper in the action. The motion was filed pursuant to rule 1.500, Florida Rules of Civil Procedure, which provides in pertinent part:

RULE 1.500 DEFAULTS AND FINAL JUDGMENTS THEREON
(A) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
*567 The clerk entered the default the next day. An additional eighteen days passed before Safetitle moved the trial court to set aside the clerk's default.
Safetitle asserted that the default should be set aside pursuant to rule 1.540, Florida Rules of Civil Procedure, which provides in part that the trial court may relieve a party from an adverse judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Prior to ruling on Safetitle's motion to set aside the default, the trial court considered Fidelity's pending motion to dismiss Lumbert's counterclaim. The court dismissed without prejudice Lumbert's claim for implied contract and breach of fiduciary duty, and dismissed with prejudice the count for negligence. As a result of this ruling, Lumbert filed an amended counterclaim against Fidelity and an amended third-party complaint against Safetitle. The allegations in the amended third-party complaint were the same as those set forth in Lumbert's original third-party complaint. Safetitle responded to the amended third-party complaint by filing both an answer and a motion to dismiss.
Thereafter, the trial court issued an order on Safetitle's motion to vacate the default. The court denied the motion, explaining:
The affidavits and court file show that the complaint was served on [Safetitle] on March 19, 1996, that a copy was mailed to said parties' insurance adjustor by defendant's counsel on March 19, 1996, and that defendant's counsel called the insurance adjustor on or about April 18, 1996, prior to moving for entry of the default. Based on the foregoing, the court finds that [Safetitle] has not shown excusable neglect, and that [Safetitle] was negligent in failing to file a responsive pleading within twenty days of the date of service, and [Safetitle] was further negligent in failing to respond to the defendant's counsel courtesy call on April 18, 1996.
Safetitle appeals this ruling, arguing that the trial court abused its discretion in refusing to vacate the default because (1) Lumbert had waived his right to enforce the clerk's default by filing his amended third-party complaint, and (2) Safetitle had demonstrated excusable neglect in failing to respond to the initial third-party complaint. We disagree.
In rejecting Safetitle's argument that Lumbert had waived the right to enforce the default by filing his amended third-party complaint, the trial court specifically relied on Reshard v. McQueen, 562 So.2d 811 (Fla. 1st DCA 1990). In Reshard, the plaintiff filed an action against Reshard and two other defendants. Reshard failed to respond and a default was entered. Thereafter, the other two defendants filed a motion to dismiss the plaintiff's complaint. The motions were granted with leave to amend. An amended complaint was filed and the matter eventually proceeded to trial. A verdict was returned solely against Reshard. Reshard then argued that the plaintiff had waived his right to rely on the default by filing the amended complaint. Noting that there were no changes of substance in the amended complaint as to the claim against Reshard and that there was no precedent indicating a contrary result, the first district rejected the argument that by filing the amended pleading the plaintiff waived the right to rely on the default. We agree with the reasoning of the first district and uphold the decision of the trial court in this case.
The trial court also rejected Safetitle's argument that the default should be set aside due to excusable neglect. In an effort to demonstrate excusable neglect, Safetitle submitted affidavits setting forth facts asserting both mistake and inadvertence. See DeRuyter v. State, 521 So.2d 135 (Fla. 5th DCA 1988). The affidavits established that Safetitle received service of process on March 19, 1996 and the papers were immediately delivered to one of Safetitle's branch managers. That same day, the branch manager forwarded the summons and complaint to its insurance adjustor handling Lumbert's claim. She later followed up with a telephone call to the adjustor, and the adjustor advised her that he already had received the suit papers and "that it was taken care of." The adjustor's affidavit explained that he presumed that Fidelity's attorney would file the papers necessary to protect Safetitle's interests.
*568 In response to the affidavits filed by Safetitle, Lumbert filed an affidavit from its attorney, Timothy Williams. Williams stated that on March 15, 1996 he received a letter from Safetitle's adjustor asking that Williams contact him to discuss the case. Williams called the adjustor upon receipt of the letter and complied with the adjustor's request that Williams send him copies of the third-party complaint. When no responsive pleading was filed, Williams extended the adjustor the additional courtesy of a telephone call. However, the adjustor was not available to speak to Williams, and he did not return Williams' call. Williams next contacted Fidelity's attorney to see if he possessed any information as to who was representing Safetitle. Fidelity's attorney was not able to answer Williams' question. Apparently, left with no other reasonable recourse, Williams then moved for the entry of a default.
Upon review of these facts, the trial court concluded that Safetitle had not sustained its burden of proving excusable neglect. Before an appellate court can reverse an order denying a motion to set aside a default judgment, a gross abuse of discretion must be shown. Tire Kingdom, Inc. v. Bowman, 480 So.2d 221 (Fla. 5th DCA 1985). No such abuse has been shown here. While the affidavits indicate that Safetitle may have believed that Fidelity's attorney was protecting its interests in the lawsuit, such belief was based on nothing more than a presumption. The record is devoid of any evidence which demonstrates that such a presumption was reasonable. Accordingly, we affirm.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] This court has jurisdiction to review this order pursuant to rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure.