PALMER, J.
BMW Financial Services has filed a petition seeking certiorari review of an order denying its motion to set aside a clerk’s default. Concluding that this order is not properly reviewable by certiorari, we deny the petition.
An order on a motion to set aside a clerk’s default is not an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3). Additionally, absent a showing of extraordinary circumstances, such an order is not reviewable by certiorari, as certiorari should not be used to circumvent the appellate rule which limits interlocutory review of non-final orders.
In Kolb v. Florida Fruit & Vegetable Ass’n, Inc., 718 So.2d 957 (Fla. 5th DCA 1998), this court held that a trial court’s order which sets aside a clerk’s default is not appealable as a non-final order and, since there is an adequate remedy by plenary appeal, certiorari review is also generally not available. Accord Collins v. Penske Truck Leasing, 668 So.2d 343 (Fla. 5th DCA 1996) (denying petition for certio-rari review of order which granted motion to set aside clerk’s default since no extraordinary grounds for relief were alleged).
The same is true when the trial court enters an order denying a motion to set aside a clerk’s default. The order is non-final because the case remains pending to determine damages. Such an order is not appealable,[1] nor should it be reviewed by certiorari, as there is an adequate remedy by plenary appeal from a final judgment. See MacDonald v. R.A. Investments, Ltd., 830 So.2d 916 (Fla. 4th DCA 2002) (affirming final judgment granting a default). When a court sets aside a clerk’s default, the defendant’s expense of having to proceed to trial is not recognized by the courts as being the type of irreparable injury justifying certiorari review. See Leibman v. Sportatorium, Inc., 374 So.2d 1124 (Fla. 4th DCA 1979). The same reasoning applies in the instant situation. Although BMW Financial Service will have to proceed to trial on the issue of damages, that does not qualify as being irreparable injury.
PETITION DENIED.
PLEUS and ORFINGER, JJ„ concur.

. This type of non-final order was previously appealable under the appellate rule which authorized interlocutory appeals of orders which determined “the issue of liability in favor of a party seeking affirmative relief.” See Fla. R.App. P. 9.130(a)(3)(C)(iv) (2000); Safetitle, Inc. v. Fidelity Nat. Title Ins., 701 So.2d 565 (Fla. 5th DCA 1997). However, that particular category of appealable non-final orders was deleted in 2000 so as to limit the number of interlocutory appeals. The committee notes to rule 9.130 specifically state that such orders are not presently ap-pealable until the conclusion of the case.