836 So.2d 1062 (2003)
DAWKINS, INC., etc., et al., Appellant,
v.
Donald R. HUFF and Rebecca Huff, etc., et al., Appellees.
Nos. 5D02-1563, 5D02-2116.
District Court of Appeal of Florida, Fifth District.
January 31, 2003.
*1063 Michael R. D'Lugo of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellant.
Robert J. Telfer, Jr. of Cianfrogna, Telfer, Reda, Faherty & Anderson, P. A., Titusville, for Appellees.
ORFINGER, J.
Dawkins, Inc. appeals two non-final orders denying its motions to set aside defaults entered by the clerk. Because these *1064 are non-appealable, non-final orders, we lack jurisdiction to consider the matters and dismiss this consolidated appeal. See Fla. R.App. P. 9.130(a)(5). Despite our dismissal, the circumstances merit discussion.
After Donald and Harold Huff were injured while setting roof trusses, they filed separate negligence actions against Dawkins, Inc. Following service of the complaints, Dawkins promptly forwarded the suit papers to its insurer, Indiana Lumbermans Mutual Insurance Company. About a month later, the clerk entered defaults against Dawkins because no papers had been filed on Dawkins's behalf.
Upon learning that defaults had been entered, Indiana Lumbermans retained counsel who promptly moved to set them aside. In support of the motions, Dawkins filed the affidavit of Susan Lebo, an Indiana Lumbermans's claims adjuster. Lebo's affidavit indicated that Damen Carter, formerly an Indiana Lumbermans's adjuster, had received the complaints from Dawkins in a timely manner and promptly attempted to forward the complaints by facsimile to its Florida counsel with instructions to file appropriate responsive pleadings. Lebo's affidavit indicated that Indiana Lumbermans believed that it had transmitted both complaints to its Florida counsel, but for unknown reasons, its counsel never received the faxed transmission. No affidavit from Dawkins was filed.
Construing Bayview Tower Condominium Association, Inc. v. Schweizer, 475 So.2d 982 (Fla. 3d DCA 1985) and Scherer v. The Club, Inc., 328 So.2d 532 (Fla. 3d DCA 1976) as requiring an affidavit from the insured in all cases wherein an insured attempts to show excusable neglect in the handling of suit papers, the trial judges denied the motions to set the defaults aside. When, as here, there is no binding precedent from the supreme court or the district court of appeal in which the court sits, a trial judge is bound to follow decisions of other district courts of appeal, which are on point. McGauley v. Goldstein, 653 So.2d 1108, 1109 (Fla. 4th DCA 1995). The trial judges' reliance on Bayview and Scherer was, therefore, entirely justified.
We disagree, however, with Bayview and Scherer to the extent that they can be read to establish a bright-line test mandating in all cases the denial of a motion to set aside a default in the absence of an affidavit from the insured. Florida has a policy of liberally vacating defaults so that the merits of a case can be reached. North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962). To be relieved of a default, a defendant must demonstrate excusable neglect, a meritorious defense, and due diligence in seeking relief. Decubellis v. Ritchotte, 730 So.2d 723, 727-28 (Fla. 5th DCA 1999). In the instant case, the Huffs concede the existence of meritorious defenses and due diligence on Dawkins's part in seeking relief. The controversy here focuses solely on whether an insured defendant, who has timely delivered suit papers to the insurance company charged with its defense, can ever demonstrate excusable neglect without personally filing an affidavit. We believe in some circumstances it can.
To establish excusable neglect, a party must file affidavits or sworn statements that set forth the facts explaining or justifying the mistake or inadvertence. Moreno Constr., Inc. v. Clancy & Theys Constr. Co., 722 So.2d 976, 977 (Fla. 5th DCA 1999). Common sense dictates that such affidavits should come from any person with knowledge of the disputed relevant facts. Here, there is no dispute about how Dawkins handled the suit papers; rather, the dispute centers on Indiana Lumbermans's actions after receiving the papers. An affidavit from *1065 Dawkins would shed no light on how Indiana Lumbermans handled the suit papers after receiving them. That being the case, it was entirely appropriate for the affidavit to come from an Indiana Lumbermans representative, rather than Dawkins.
Nonetheless, we must dismiss this appeal. An order on a motion to set aside a clerk's default is not an appealable, non-final order under Florida Rule of Appellate Procedure 9.130(a)(3). See BMW Fin. Servs. NA, LLC v. Alger, 834 So.2d 408 (Fla. 5th DCA 2003).[1] Absent extraordinary circumstances, such an order is also not reviewable by certiorari, as certiorari should not be used to circumvent the appellate rule which limits interlocutory review of non-final orders. See Kolb v. Fla. Fruit & Vegetable Ass'n Inc., 718 So.2d 957 (Fla. 5th DCA 1998) (holding that an order which sets aside a clerk's default is not appealable as a non-final order, and since there is an adequate remedy by plenary appeal, certiorari review is also generally not available). Accord Collins v. Penske Truck Leasing, 668 So.2d 343 (Fla. 5th DCA 1996) (denying certiorari review of order which granted motion to set aside clerk's default since no extraordinary grounds for relief were alleged). Although Dawkins will have to proceed to trial on damages, that does not qualify as irreparable injury.
For the foregoing reasons, we dismiss this appeal. In doing so, we observe that a court always has jurisdiction during the progress of a case to set aside or modify an interlocutory order before final judgment. Interlocutory orders are not within the restrictions provided in Florida Rule of Civil Procedure 1.540. Rather, such orders remain within the inherent power of the court to control the progress of the case prior to final judgment. As a result, the trial courts may wish to revisit these interlocutory orders consistent with the views expressed herein.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] This type of non-final order was sometimes appealed under the appellate rule, which permitted interlocutory appeals of an order which determined "the issue of liability in favor of a party seeking affirmative relief." See Fla. R.App. P. 9.130(a)(3)(C)(iv)(2000); Safetitle, Inc. v. Fidelity Nat'l Title Ins., 701 So.2d 565 (Fla. 5th DCA 1997). However, that particular category of appealable non-final orders was deleted in 2000 to limit the number of interlocutory appeals. The committee notes to Rule 9.130 specifically state that such orders are not appealable until the conclusion of the case.