LAMBERT, J.
Appellants, Robert Todd and Jennifer Todd, appeal the trial court’s order denying their motion to vacate the judicial defaults entered against them. Appellants argue that the defaults were erroneously entered without notice to them and while their motion to quash service of process was pending. We dismiss their appeal for lack of jurisdiction because an order denying a motion to set aside a judicial default is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3). Cf. BMW Fin. Servs. NA, LLC v. Alger, 834 So.2d 408, 409 (Fla. 5th DCA 2003) (holding that a trial court’s order denying a motion to set aside a clerk’s default is not an appealable nonfi-nal order under Florida Rule of Appellate Procedure 9.130(a)(3)). As we have previously observed, “a court always has juris *345 diction during the progress of a case to set aside or modify an interlocutory order before final judgment.” Dawkins, Inc. v. Huff, 836 So.2d 1062, 1065 (Fla. 5th DCA 2003).
We also decline to exercise certiorari jurisdiction. “[Ajbsent a showing of extraordinary circumstances, ... certiorari should not be used to circumvent the appellate rule which limits interlocutory review of non-final orders.” BMW Fin. Servs., 834 So.2d at 409. No extraordinary circumstances exist here because Appellants have an adequate remedy by plenary appeal from any final judgment that may be entered. See id.
For the foregoing reasons, we dismiss this appeal and take no position as to the propriety of the defaults entered.
APPEAL DISMISSED.
ORFINGER and BERGER, JJ., concur.