Per Curiam.
Having reviewed Appellant’s response to the Court’s order to show cause, this cause is sua sponte dismissed for lack of appellate jurisdiction. Appellant appeals the following trial court orders: an order granting Appellee’s motion to deem requests for admission admitted; an order denying Appellant’s motion to vacate default judgment; and an order granting Appellee’s motion for summary judgment as to liability. These orders do not, individually or together, dispose of all issues involved; in particular, we note that the issue of damages remains to be determined. See Canfield v. Cantele, 837 So.2d 371, 375 (Fla. 2002) (“A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary.”).
Relatedly, although an order granting summary judgment on liability alone is an interlocutory order, see Fla. R. Civ. P. 1.510(c), it is not an interlocutory order that may be independently appealed. See Fla. R. App. P. 9.130(a)(3) (listing non-final orders that are appealable to the District Courts of Appeal); see also Fla. Ins. Guar. Ass’n v. Murphy, 162 So.3d 1049, 1050 (Fla. 2d DCA 2015) (holding that an order granting summary judgment on liability where damages remained in dispute was not a final, appealable order). Furthermore, an order denying a motion to set aside a default judgment is not reviewable until a final judgment has been entered. Dawkins, Inc. v. Huff, 836 So.2d 1062, 1063-65 (Fla. 5th DCA 2003).
We therefore dismiss this case for lack of appellate jurisdiction, without prejudice for a timely appeal following the entry of an appealable final judgment or appealable non-final order under rule 9.130(a)(3).

Dismissed.

Levine, Forst and Klingensmith, JJ., concur.