PER CURIAM.
We dismiss the petition for writ of certiorari as it relates to the portion of the order setting aside the clerk's default and denying Mr. Hall's motion for default judgment. See Dawkins, Inc. v. Huff, 836 So.2d 1062, 1065 (Fla. 5th DCA 2003) ("[W]e must dismiss this appeal. An order on a motion to set aside a clerk's default is not an appealable, non-final order under Florida Rule of Appellate Procedure 9.130(a)(3). Absent extraordinary circumstances, such an order is also not reviewable by certiorari, as certiorari should not be used to circumvent the appellate rule which limits interlocutory review of non-final orders." (citation and footnote omitted) ); Rodriguez v. Young Am. Corp., 717 So.2d 621, 621 (Fla. 3d DCA 1998) ("Because the appellants seek review of an order setting aside the entry of a default as opposed to a default judgment, we sua sponte dismiss this appeal for lack of jurisdiction."). Having carefully reviewed the record as to Mr. Hall's remaining arguments, we deny the petition for writ of certiorari as the trial court did not depart from the essential requirements of law.
Dismissed in part; denied in part.
VILLANTI, LUCAS, and ROTHSTEIN-YOUAKIM, JJ., Concur.