# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2024-0612
5D2024-0613
LT Case No. 2022-CA-000679
2022-CA-000743

_____

CHAIM JOSEPH BIALOSTOZKY
a/k/a JOSEPH BIALOSTOZKY a/k/a
YOSEPH BIALOSTOZKY,

     Appellant,

     v.

GAHC3 MOUNT DORA FL MOB
II, LLC,

     Appellee.

_____

Nonfinal appeal from the Circuit Court for Flagler County.
Christopher A. France, Judge.

Megan Conkey Gonzalez and John W. Annesser, of Annesser
Armenteros, PLLC, Coral Gables, for Appellant.

Paul A. Humbert and Emilio E. Rodriguez, of Law Offices of Paul
A. Humbert, P.L., Miami, for Appellee.

November 22, 2024

LAMBERT, J.

In these two appeals that are traveling together, Appellant timely challenges the singular nonfinal order entered by the trial court that denied his motion to quash service of process and denied his motion to vacate the defaults entered against him by the clerk of court in two cases below. We have jurisdiction to address that part of the order denying Appellant's motion to quash[1] and, as we explain below, affirm the order. We do not, however, have jurisdiction under Florida Rule of Appellate Procedure 9.130 to review the denial of Appellant's motion to vacate the clerk's default; and therefore, we dismiss that portion of the appeal.

BACKGROUND

Appellee sued Appellant in two different cases asserting causes of action the nature of which are not relevant to the resolution of this appeal. Appellee caused summonses to be issued in each case that were to be served, with a copy of the complaint, upon Appellant. The returns of service filed in both cases show that Appellant was personally served with process by the same process server at his home address as listed on the summons. Each return also listed the specific date and time when process was served on Appellant.

Appellant did not file an answer or other document in response to the complaint as required by law. Appellee thereafter sought and obtained defaults from the clerk of court against Appellant. *See* Fla. R. Civ. P. 1.500(a). Approximately ten months after the defaults were entered, Appellant filed the subject motion seeking to quash service of process and to vacate the defaults.

Appellant's motion to quash challenged the veracity of the returns of service. In support of his motion, Appellant filed affidavits from three individuals, plus his own affidavit, that essentially provided that on the dates and times reflected in the returns of service when Appellant was purportedly personally

---

[1] *See* Fla. R. App. P. 9.130(a)(3)(C)(i); *Re-Emp. Servs., Ltd., v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 470 (Fla. 5th DCA 2007).

served with process at his home, he was not there; instead, he was at his place of worship.

Appellee filed a response disputing Appellant's motion and affidavits, resulting in the trial court holding an evidentiary hearing on the motion. The process server testified at this hearing, as did Appellant and two of the three witnesses who had submitted the aforementioned affidavits. The trial court found the testimony of the process server, who identified Appellant in court and testified that she had personally served him with process in each case, to be credible. The court also noted in its denial order that the testimony from Appellant's witnesses conflicted with their previously-filed affidavits, and indicated in its order that it gave their testimony "far less weight than that of the process server." The trial court found that service of process in each case was validly perfected and denied Appellant's motion.

Pertinent here, Appellant has not provided our record with a transcript from this evidentiary hearing. Appellee argues, among other things, that under *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979), this is fatal to Appellant's argument for reversal. Appellant disagrees, asserting that a transcript is unnecessary here because "the trial court's reversible error is readily apparent from the [present] face of the record." Appellant further "question[s] the trial court's findings as to credibility of witnesses and incorrect findings as to alleged contradiction in [his] witness testimony." Contrary to Appellant's contention, *Applegate* is directly dispositive of this part of the appeal.

Under *Applegate*, a decision of the trial court is presumed correct and the burden is on an appellant to show reversible error. *Id.* at 1152. *Applegate*, decided forty-five years ago, plainly provides that when the question raised on appeal involves underlying issues of fact, an appellant is necessarily asking the reviewing court to draw conclusions about the evidence. *Id.* Further, "[w]ithout a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." *Id.* Under such circumstances, a judgment should be affirmed because a record

3

brought forward without the transcript is inadequate to demonstrate reversible error. *Id.* (citations omitted).

Here, the process server's return of service was valid on its face; and Appellant did not argue otherwise. As such, service of process is presumed to be valid; and the party challenging service has the burden of overcoming this presumption by clear and convincing evidence. *See Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 503 (Fla. 4th DCA 2010) (quoting *Re-Emp. Servs., Ltd.*, 969 So. 2d at 471).

Appellant thus had the burden at the evidentiary hearing to overcome the presumption that service of process upon him was valid by establishing, with clear and convincing evidence, that it was not. The denial order on appeal showed that Appellant attempted to do this, but that the trial court, after weighing the evidence, found the testimony from the process server that she, in fact, personally served Appellant with process in each case to be more credible than that of Appellant and his witnesses.

Without a transcript of the hearing, our review is limited to the face of the trial court's order. *See Casiano v. Casiano*, 370 So. 3d 991, 995 (Fla. 5th DCA 2023). Simply stated, no error exists on the face of this order.

Lastly, to the extent Appellant argues that the denial of his motion to quash should be reversed because the evidence that he presented at the hearing "directly contradicted" that of the process server, we remind him that it is not the role of the appellate court to re-weigh the evidence and substitute its judgment for that of the trial court on factual matters, nor does an appellate court search for contradictory evidence in the record which supports a different conclusion than that reached by the trial court. *Griffin Indus., LLC v. Dixie Southland Corp.*, 162 So. 3d 1062, 1066 (Fla. 4th DCA 2015) (citing *Richardson v. Everbank*, 152 So. 3d 1282, 1287–88 (Fla. 4th DCA 2015)). We affirm the denial of the motion to quash under *Applegate*.

Turning to the part of the trial court's order that denied Appellant's motion to vacate the defaults entered against him by the clerk of court in both cases, Florida Rule of Appellate

Procedure 9.130(a)(3) limits appeals to the district courts of appeal to those nonfinal orders set forth in paragraphs (A) through (I) of this subdivision of the rule. At one point, this rule had expressly permitted an appeal of a nonfinal order, such as the one here, that determined liability in favor of the party seeking affirmative relief; however, that provision of the rule was deleted, effective January 1, 2001. *See In re Amends. to Fla. Rules of App. Proc.*, 780 So. 2d 834, 838 (Fla. 2000); *Fascetti v. Fascetti*, 795 So. 2d 1094, 1095 (Fla. 4th DCA 2001) (dismissing an appeal of a nonfinal order denying the appellant's motion to vacate a clerk's default because the provision under rule 9.130 that had permitted such an appeal was deleted, effective January 1, 2001).

We acknowledge that the issue of our jurisdiction to consider this aspect of the appeal was not raised by either party; however, an appellate court is required to assess its own jurisdiction, even when not raised by the parties. *Nacius v. One W. Bank, FSB*, 211 So. 3d 152, 153 (Fla. 4th DCA 2017) (citing *Rayburn v. Bright*, 163 So. 3d 735, 736 (Fla. 5th DCA 2015); *Ruffin v. Kingswood E. Condo. Ass'n*, 719 So. 2d 951, 952 (Fla. 4th DCA 1998)). Based on our long-standing precedent, *see Dawkins, Inc. v. Huff*, 836 So. 2d 1062, 1065 (Fla. 5th DCA 2003), we dismiss, for lack of jurisdiction, this aspect of the appeal because the trial court's order denying the motion to set aside the clerk's default is not an appealable nonfinal order under rule 9.130(a)(3). Finally, because Appellant has an adequate remedy by plenary appeal from any final judgment that may be entered, we also decline to exercise certiorari jurisdiction. *See Todd v. CitiMortgage, Inc.*, 168 So. 3d 344, 345 (Fla. 5th DCA 2015) (citing *BMW Fin. Servs. NA, LLC v. Alger*, 834 So. 2d 408, 409 (Fla. 5th DCA 2003)).[2]

---

[2] To be clear, we take no position on the merits of Appellant's argument for reversal of the denial of his motion to vacate the clerk's defaults or the viability of a plenary appeal, if taken, of any final judgment that may be hereafter entered against him in either case.

Lastly, we have not overlooked Appellant's briefing arguing that the trial court erred because Appellee's complaint filed in each case did not allege sufficient facts to invoke jurisdiction under Florida's long-arm jurisdiction statute, codified at section 48.193,

In summary, we affirm the order denying Appellant's motion to quash service of process, and we dismiss that part of the appeal challenging the denial of his motion to vacate the clerk's defaults.

AFFIRMED, in part; DISMISSED, in part.

EDWARDS, C.J., and HARRIS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Florida Statutes, and that it would violate his due process rights if required to defend himself in Florida. Appellant's motion to dismiss for lack of in personam jurisdiction was attached as an exhibit in support of his motion to vacate the defaults as the "meritorious defense" to be later asserted *if* the trial court vacated the default. The motion to dismiss was not separately filed or noticed for hearing, and the trial court's denial order now before us correctly did not address it.