439 So.2d 1048 (1983)
John E. NETTLES, Truck Insurance Exchange, and Incorporated Carriers, Ltd., Appellants,
v.
Corkleigh E. WHITE, Appellee.
No. 83-478.
District Court of Appeal of Florida, Second District.
November 2, 1983.
*1049 E.N. Fay, Jr., of Mann & Fay, Chartered, Bradenton, for appellants.
Terence Matthews, Bradenton, for appellee.
OTT, Chief Judge.
Appellants contend that the trial court lacked in personam jurisdiction over them and thus erred in denying their motions to quash process or to dismiss. We agree as to appellants Truck Insurance Exchange and Incorporated Carriers, Ltd., and reverse as to them, but we affirm as to appellant Nettles.
Appellee sued appellants in a three-count complaint seeking damages arising out of a motor vehicle collision which occurred in Florida. Appellee concedes that his initial attempt to effect service of process upon the three nonresident appellants was improper and, therefore, failed to confer jurisdiction upon the trial court. Thus, the only issue before this court is whether appellee obtained valid service of process over appellants through alias summonses issued under Florida Rule of Civil Procedure 1.070(b).
The Florida long-arm statute, section 48.193(1)(b), Florida Statutes (1981), confers jurisdiction of Florida courts over one who commits a tortious act within this state. Under section 48.194, Florida Statutes (1981), personal service of process must be perfected upon nonresidents subject to Florida's long-arm jurisdiction. P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978).
Appellee's complaint alleged that Nettles, an employee of Incorporated Carriers, Ltd., committed the tortious acts of negligence, assault, and battery while driving a motor vehicle within the State of Florida. Appellee attempted to serve Nettles by having the sheriff of Cook County, Illinois, deliver the alias summons and a copy of the complaint to any person residing at Nettles' usual place of abode who was fifteen years of age or older. § 48.194, Fla. Stat. (1981), § 48.031(1), id. The affidavit accompanying the Cook County Sheriff's return states that service was effected by delivery to "Ms. Nettles, FW 35, a person of his family of the age of 13 years or upwards."
Nettles contends that this affidavit does not establish that the alias summons and complaint were delivered to a person fifteen years of age or older as required by section 48.031(1). Appellee responds that the notation "FW 35" logically means that Ms. Nettles was "female, white, age 35." We cannot say that the trial court abused its discretion in concluding that Ms. Nettles was fifteen years of age or older as indicated by the "FW 35" notation.
Appellant Truck Insurance Exchange, who purportedly insured Nettles at the time of the accident, is subject to jurisdiction under section 48.193(1)(d), Florida Statutes (1981), only if it contracted "to insure any person, property, or risk located within this state at the time of contracting." Because appellee's complaint failed to allege sufficient facts to show that Truck Insurance Exchange had insured a driver or his vehicle located within the state at the time of contracting, the trial court should have quashed service of process on the insurer. Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976). We should note that appellee did not try to obtain jurisdiction by serving the Insurance Commissioner as agent for service of process.
The trial court also erred in failing to quash service of process on appellant Incorporated Carriers, Ltd. Section 48.194 requires that the foreign officer serving process on an out-of-state defendant file an affidavit stating the time, manner, and place of service. The statement filed by the constable of Dallas County, Texas, was not sworn to and, therefore, does not satisfy the statutory affidavit requirement.
We AFFIRM the trial court's order as to appellant Nettles but REVERSE as to appellants Truck Insurance Exchange and Incorporated Carriers, Ltd., and REMAND for further proceedings consistent with this opinion.
GRIMES and SCHOONOVER, JJ., concur.