452 So.2d 1031 (1984)
ASTRA d/b/a Unceta and Company, Appellant,
v.
COLT INDUSTRIES OPERATING CORPORATION, The Garcia Corporation and T.G.C., Inc., Appellees.
No. 83-1395.
District Court of Appeal of Florida, Fourth District.
July 5, 1984.
Joseph P. Metzger of Horty, Springer & Metzger, West Palm Beach, for appellant.
Kathryn M. Beamer of Schuler & Wilkerson, P.A., West Palm Beach, for appellee-Colt Industries Operating Corp.
Shelley H. Leinicke of Wicker, Smith, Bolmqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellees-The Garcia Corp. and T.G.C., Inc.
*1032 PER CURIAM.
This litigation arises out of the untimely death of Walter B. Hadley, III, who was accidentally killed when struck by a bullet from a pistol in the handbag of a law enforcement officer while Hadley and the officer were present in the Boston Restaurant and Bar in Delray Beach. It appears the officer's handbag either fell or was knocked from a table to the floor and accidentally fired.
Hadley's personal representative sued the officer in question, the County Sheriff, Colt Industries Operating Corporation, and others. Colt filed a third party complaint against Astra d/b/a Unceta & Company, a foreign corporation domiciled in Spain, for negligent manufacture of the gun in question, and Garcia Corporation and T.G.C., Inc., the exclusive American importer and distributor of Astra handguns. Garcia and T.G.C. filed a crossclaim against Astra for negligent manufacture and for contribution. Astra filed a motion to dismiss Colt's third party complaint, attacking the claim for indemnification. The motion did not raise any question of personal jurisdiction over Astra. Five months later, but before the motion to dismiss was heard, Astra filed an amendment to its motion to dismiss alleging lack of jurisdiction over the person. Astra also filed a motion to strike Garcia's crossclaim as being premature because Garcia's liability to Colt had not been determined. Several months later, but before the motion was heard, Astra filed an amendment to the motion to strike asserting lack of personal jurisdiction. Subsequently, Astra filed a motion for leave of court to file the aforementioned amendments. The motions and amendments were considered by the trial court and both motions to dismiss and for leave to amend were denied. From that interlocutory order, Astra has perfected this appeal.
The record reflects that Astra manufactured the gun in question and sold it to Garcia's predecessor in interest in the early 1960's. Astra was served with process pursuant to Section 48.193, Florida Statutes (1981), the Florida Long Arm Statute. It also appears that Astra did nothing in the litigation that could constitute a waiver of its objection to personal jurisdiction other than its filing of the original motions to dismiss and strike.
Appellees contended that Astra made a general appearance when it initially filed its motions to dismiss and strike without including the jurisdictional issue. Astra argues that, since an attack on the personal jurisdiction of the court can be joined with a motion directed to the merits of the complaint pursuant to Rule 1.140, Florida Rules of Civil Procedure, the amendments to the motions prior to their being heard by the court save it from having waived the so-called special appearance attacking jurisdiction. Furthermore, Astra contends the service under the Long Arm Statute was defective because neither the pleadings nor the facts alleged were adequate to warrant resort to such service.
None of the cases cited by the parties answered the first issue presented. Appellees cite numerous cases which hold that the first step that a defendant takes in a proceeding, whether by motion or responsive pleading, must raise the issue of personal jurisdiction or the issue is waived. Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982); Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981); Visioneering Concrete Construction Co. v. Rodgers, 120 So.2d 644 (Fla. 2d DCA 1960). However, in none of them do we have the present scenario, i.e. an initial motion filed without asserting the jurisdictional question but amending the motion to raise that question before the motion is heard. In this case, prior to the motion's being heard, Astra tried to amend the motion to raise the jurisdictional question so that when it was heard by the court, the motion asserted the jurisdictional defect. It seems to us hypertechnical to suggest that it was waived and we hold that under the facts of this case the question was not waived.
Astra's second contention presented by this appeal is that service of process under Section 48.193 was ineffective because *1033 1) the allegations of the third party complaint and counterclaim were insufficient to support resort to that method of service and 2) the wrongful acts complained of, if any, were not subject to the Long Arm Statute because when Astra manufactured and sold the offending gun, service of process under this statute, or its predecessor, was not available, and the statute will not be applied retroactively. We reject the first reason set forth above, but accept the second. In Weatherhead Company v. Coletti Company, 392 So.2d 1342 (Fla. 3d DCA 1981), the Third District Court of Appeal had a somewhat similar case before it in which the claimant was injured by the explosion of a petroleum tank maintained and serviced by the defendant gas company. Predictably, the gas company third partied Weatherhead Company, the manufacturer of the tank, who was served in Ohio under Section 48.193, Florida Statutes (1979). Weatherhead's counsel initially filed "an appearance" but later filed a motion to dismiss for lack of personal jurisdiction. The Third District held, contrary to other precedent, that the filing of "an appearance" did not constitute a general appearance waiving the jurisdictional question. Furthermore, the court held the Long Arm Statute was not available for service of process in that case because the facts showed the tank in question was manufactured and distributed by Weatherhead in the 1950's, well before the effective date of the original statutory predecessor of Section 48.193, Florida Statutes (1979). This decision was affirmed by the Supreme Court of Florida in Public Gas Company v. Weatherhead Company, 409 So.2d 1026 (Fla. 1982). Since it is uncontroverted that the gun in the case at bar was manufactured and sold by Astra prior to the effective date of our Long Arm Statute and its predecessor, the Weatherhead principle applies.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to dismiss Colt's Third Party Complaint and Garcia's Crossclaim against Astra for lack of personal jurisdiction, without prejudice to further attempts by appellees to perfect service under some other alternative statutory procedure.
REVERSED AND REMANDED, with directions.
DOWNEY, LETTS and WALDEN, JJ., concur.