SHARP, Chief Judge.
Antonio Pina appeals[1] from an order denying his motion to quash service of process in a dissolution case filed by Karen Simon-Pina in Orange County, Florida. Antonio filed a special appearance to contest in personam jurisdiction. He argues that service of process made upon him in Curacao, the Netherlands, Antilles, his residence, was insufficient. The affidavit filed pursuant to section 48.194 fails to state the time of service, and the jurat executed before the notary is appropriate for an acknowledgment rather than an oath or affidavit. We agree and reverse.
The parties were residents of the Netherlands, Antilles. Karen moved to Florida with the parties’ two children and filed a dissolution petition. Process was served on Antonio in Curacao by a process server for courts in the Netherlands, Antilles, pursuant to section 48.194, “personal service outside the state.” It provides:
Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed stating the time, manner, and place of service. The court may consider the affidavit, or any *1162 other competent evidence, in determining whether service has been properly made.
A translation of the return of service states that the process server, Rogelio Ci-priano Ersilia, personally left the dissolution papers with Antonio at his residence, at Hendriklaan No. 5, in Curacao, on June 13, 1988. However, Rogelio did not state the time of day he served the papers. Further, he signed an acknowledgment rather than an oath or affidavit before the notary public. It states:

Acknowledgement

Before me the Undersigned Miguel Lionel Alexander, LL.M, a Civil Law Notary, residing in Curacao, Netherlands Antilles, on this 15th day of June 1988, personally appeared Mr. Rogelio Cipriano Ersilia, known to me to be the person whose name is subscribed to the foregoing document, and who acknowledged to me that he executed the same for the purposes therein expressed.
Subscribed before me on the date aforementioned.
Strict compliance with service of process statutes and procedures for out-of-state service is generally required. See Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla.1977); Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359 (Fla. 3d DCA 1982). Failure to record the manner of service and the name of the person served renders service within Florida insufficient, pursuant to section 48.031, Florida Statutes. This statute, governing in-state service of process requires service on the party or on a person over 15 years of age who resides at the party’s residence. Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985). Absence of the notation as to time of service under such case law, may make this return questionable. However, there is an additional, more fundamental flaw in the return of service involved in this case.
Confusion often arises between an affidavit and an acknowledgment. Both memorialize acts done before a notary. But, in an affidavit, which is required by section 48.194, the person swearing before the notary must under oath assert that the facts set forth in the document are true.[2] In an acknowledgment, the person merely declares that he executed and signed the document.[3]
Where an affidavit is called for, an acknowledgment will not suffice. Hammond v. Eastmoore, 513 So.2d 770 (Fla. 5th DCA 1987); McGibney v. Smith, 511 So.2d 1083 (Fla. 5th DCA 1987). Section 48.194 clearly requires that the process server’s affidavit — not merely an acknowledgment — be filed. Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984); Nettles v. White, 439 So.2d 1048 (Fla. 2d DCA 1983); Neff v. Adler, 416 So.2d 1240 (Fla. 4th DCA 1982). In this case, the notary only asserted that the process server acknowledged he signed the return. He did not require Rogelio to swear that the facts set forth in the return were true.
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.

. This is a non-final appeal contesting personal jurisdiction. Rule 9.130(a)(3)(C)(i).

. 1 Fla.Jur.2d "Acknowledgments” § 37 (1977).

. 1 Fla.Jur.2d “Acknowledgments” § 1 (1977).