COBB, Judge.
Gaspar, Inc., has filed an “appeal of a non-final order,” pursuant to Florida Rule of Appellate Procedure 9.130, challenging an order entered by the trial court striking Gaspar’s defenses. Those defenses — which included lack of jurisdiction over the person — were incorporated in a “response” filed by Gaspar in the trial court, pursuant to Florida Rule of Civil Procedure 1.140(b), after Gaspar was served by the plaintiff, Naples Federal Savings and Loan Association, with a summons and complaint (which did not name Gaspar as a party). The order striking those defenses, which equates with the denial of a preliminary Rule 1.140(b) motion, was entered by the trial judge without either a noticed hearing or the opportunity afforded to Gaspar to respond with a legal memorandum directed to the plaintiff’s motion to strike.[1]
Gaspar’s challenge to the order denying its motion to dismiss for lack of jurisdiction over the person misapprehends the nature of the trial court’s error. Although it is tautologically true that a pleading which fails to name and seek relief against a particular party fails to state a cause of action against that party, that fact does not affect the in personam jurisdiction of the trial court, which is the only issue raised on this appeal of a non-final order. The phrase “jurisdiction of the person” as used in Rule 9.130 refers to service of process on a party, not to the merits of the complaint served on the party. See Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984).
Gaspar also complains that the trial court, in denying its jurisdictional defense, denied it due process because it was not afforded a noticed hearing. We disagree. Gaspar’s “response” to the process served upon it constituted a preliminary motion to dismiss under Rule 1.140(b). It was accompanied by a memorandum of law in support of its defense of lack of in personam jurisdiction. At that point, pursuant to the practice in the Fifth Circuit, Naples was the party opposing the motion to dismiss and had the opportunity to file and serve a legal memorandum in opposi *766 tion. The fact that Naples filed a “motion to strike” rather than an opposing memorandum is immaterial. The significant fact is that Gaspar had already filed its memorandum in support of its own motion to dismiss, and that memorandum was before the trial court for its consideration at the time of its order denying the motion (i.e., the order granting the motion to strike). Therefore, there was no denial of due process to Gaspar and no violation of Florida Rule of Civil Procedure 1.090(d) requiring reasonable notice for motions which may not be heard ex parte. Judicial consideration and determination of a non-evidentiary motion on the basis of memoranda of law rather than oral argument by counsel at a noticed hearing does not constitute an ex parte hearing or a denial of due process.
Accordingly, we affirm the trial court in regard to the jurisdictional issue raised by this appeal.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.

. The Circuit Court of the Fifth Judicial Circuit has provided for this latter procedure by its Administrative Order Number 86-30:
Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application; a legal memorandum with citations of authorities in opposition to the relief requested.
Motions and other applications will ordinarily be determined by the court on the basis of motion papers and legal memoranda unless hearings are otherwise required by applicable rales or law provided further that the court may allow oral argument upon the written request of any interested party or upon the court’s own motion.