969 So.2d 467 (2007)
RE-EMPLOYMENT SERVICES, LTD. and GSK Services, Inc., Appellants,
v.
NATIONAL LOAN ACQUISITIONS COMPANY, etc., Appellee.
No. 5D06-4417.
District Court of Appeal of Florida, Fifth District.
November 16, 2007.
*469 C. Gene Shipley of Nardella Chong, P.A., Altamonte Springs, for Appellants.
Michael L. Gore, David J. Markese, and Eric C. Reed, of Shutts & Bowen, LLP, Orlando, for Appellee.
SAWAYA, J.
The issue we must resolve is whether a return of service is legally insufficient on its face if it does not specify the date and time the process server received the summons and complaint for service, as required by section 48.21, Florida Statutes (2006). Contending that the return of service filed in the lawsuit brought against them by National Loan Acquisitions Company (NLAC) did not contain this statutorily required information, the defendants, Re-Employment Services, Ltd. (RES) and GSK Services, Inc. (GSK), argue that the trial court erred in denying their motion to quash process, service of process, and return of process.
Although the facts underlying the lawsuit are not important to resolution of the issue before us, the procedural history is. The lawsuit was filed on June 30, 2006, and summonses for RES and GSK were issued on July 3, 2006. These dates are particularly important because affidavits of service signed by a process server for Attorneys Legal Services, Inc. (ALS), averred that ALS had received the summonses and complaint on June 30, 2006, at 5:24 p.m., which is approximately three days before the summonses were actually issued.
RES and GSK, both located in Georgia, initially filed a motion to dismiss the complaint or transfer venue, arguing that the court lacked personal jurisdiction over them because the complaint failed to allege a basis for such jurisdiction under Florida's long arm statute found in section 48.193, Florida Statutes (2006). At the time the motion was filed, RES and GSK had not received a copy of the affidavits setting forth the return of service. In response to the motion to dismiss, NLAC *470 filed an amended complaint which added allegations that RES and GSK were subject to the trial court's jurisdiction because, among other things, they conducted business in Florida.
When RES and GSK received a copy of the return of service, they filed a motion to dismiss the amended complaint and to quash process, service of process, and return of process. This motion argued that the return of service was defective for failing to accurately record the date and time the summonses and complaint came to hand as required by section 48.21, Florida Statutes, and focused on the fact that the affidavits setting forth the return of service erroneously stated the summonses and complaint were received by the process server, or "came to hand," on June 30, 2006, at 5:24 p.m., when the summonses were not issued until July 3, 2006.
NLAC filed amended affidavits of the process server in an effort to correct this error and to remedy any other deficiencies in the service of process. The amended affidavits averred, in pertinent part, that the process came to hand "[o]n or about July 7, 2006," and that process was served "[o]n July 7, 2006, at 8:20 p.m." NLAC also filed a memorandum opposing the defendants' motion to dismiss the amended complaint and quash service of process, contending that the defendants waived any challenge to the sufficiency of the service of process by failing to raise the issue in their motion to dismiss the original complaint, and alternatively, that any actual deficiencies in the service of process were remedied when NLAC filed the amended affidavits of service. The trial court denied the motion without a hearing and this appeal followed.
As an initial matter, we note that this court has jurisdiction to review the non-final order denying the motion to quash under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), which permits review of non-final orders that determine the jurisdiction of a person. See Fisher v. Int'l Longshoremen's Ass'n, 827 So.2d 1096, 1097 (Fla. 1st DCA 2002); Gaspar, Inc. v. Naples Fed. Sav. & Loan Ass'n, 546 So.2d 764, 765 (Fla. 5th DCA 1989). Our standard of review is de novo. Nw. Aircraft Capital Corp. v. Stewart, 842 So.2d 190, 193 (Fla. 5th DCA 2003) (citing Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002)).
Before we proceed to resolve the specific issue before us, we will briefly address the assertion that RES and GSK waived any challenge to the sufficiency of the service of process by failing to specifically raise the issue in their motion to dismiss the original complaint. Although the trial court did not specifically articulate a ruling regarding this issueat least we do not find such a ruling in the record before uswe believe that it did so implicitly by deciding the issue relating to the sufficiency of the return of service on the merits. We conclude that the trial court arrived at the correct result regarding the waiver issue.
A defendant must contest the sufficiency of the service of process at the inception of a case either by motion or responsive pleading. Fla. R. Civ. P. 1.140; Lennar Homes, Inc. v. Gabb Constr. Servs., 654 So.2d 649, 651 (Fla. 3d DCA 1995). The defense will be waived if it is not raised at the "`first opportunity.'" See Romellotti v. Hanover Amgro Ins. Co., 652 So.2d 414, 414 (Fla. 5th DCA 1995) (quoting M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So.2d 1215, 1215 (Fla. 3d DCA 1992)). However, no waiver occurs if the initial motion to dismiss is amended to include the defense before the motion is heard. See Waxoyl, A.G. v. Taylor, Brion, Buker & Greene, G.P., 711 So.2d 1251, 1254 (Fla. 3d DCA 1998); Astra v. Colt *471 Indus. Operating Corp., 452 So.2d 1031, 1032 (Fla. 4th DCA 1984).
In the present case, at the time RES and GSK filed their initial motion to dismiss, they had not obtained a copy of the affidavits setting forth the return of service. Before any hearing on the initial motion was held, NLAC filed an amended complaint to correct its failure to sufficiently allege personal jurisdiction. By the time NLAC filed the amended complaint, RES and GSK had obtained a copy of the return of service, and they responded to the amended complaint by filing the motion to dismiss and quash service of process, which alleged that the return of service was defective on its face because it averred that process came to hand before the summonses were even issued. NLAC responded by filing amended affidavits setting forth the return of service in an effort to remedy the error.
Under these circumstances, RES and GSK challenged the validity of the service of process and return of service at the first opportunity. Further, even if the filing of the motion was not the first opportunity to raise the issue, there was not a hearing, or even a ruling, on the original motion to dismiss. Thus, the motion to dismiss directed to the amended complaint, which included the motion to quash, should be treated as an amendment to the original motion to dismiss since a defendant is permitted to amend a motion to dismiss to include additional defenses prior to a hearing on the motion. See Waxoyl, 711 So.2d at 1254; Astra, 452 So.2d at 1032. Because we agree with the implicit ruling of the trial court that the issue relating to the insufficiency of the return of service was properly preserved and not waived, we will direct our attention to resolving that issue.
The courts require strict construction of, and compliance with, the provisions of statutes governing service of process. Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001); Shepheard v. Deutsche Bank Trust Co. Ams., 922 So.2d 340, 343 (Fla. 5th DCA 2006); Torres v. Arnco Constr., Inc., 867 So.2d 583 (Fla. 5th DCA 2004); Pina v. Simon-Pina, 544 So.2d 1161, 1162 (Fla. 5th DCA 1989). The court cannot proceed in a matter until proper proof of valid service is made. Klosenski v. Flaherty, 116 So.2d 767, 768-69 (Fla.1959); Henry P. Trawick, Jr., Florida Practice and Procedure, § 8:20 (2007 ed.).
The burden of proving proper service of process falls upon the party invoking the court's jurisdiction, see Shepheard, and the return of service is evidence of whether service was validly made. Klosenski, 116 So.2d at 768-69. If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence. Id. at 769; Melchi Dev. Group, Inc. v. Berky Dev. Group, L.L.C., 918 So.2d 407 (Fla. 5th DCA 2006); Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996). However, if the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid. Klosenski, 116 So.2d at 769; Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985). When there is an error or omission in the return of service, personal jurisdiction is suspended and it "lies dormant" until proper proof of valid service is submitted. Klosenski, 116 So.2d at 769; Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989); Tetley v. Lett, 462 So.2d 1126, 1127 (Fla. 4th DCA 1984).
The statutory provisions that govern return of service are found in section 48.21, which specifically provides:

*472 Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. A failure to state the foregoing facts invalidates the service, but the return is amendable to state the truth at any time on application to the court from which the process issued. On amendment, service is as effective as if the return had originally stated the omitted facts. A failure to state all the facts in the return shall subject the person effecting service to a fine not exceeding $10, in the court's discretion.
§ 48.21, Fla. Stat. (2006).
In the present case, the return of service was defective on its face because it not only failed to accurately note the date and time the process came to hand, but also it actually stated that it came to hand before the summonses were even issued. § 48.21, Fla. Stat. (2006); Schneiderman, 546 So.2d at 51 ("The affidavit of service filed on October 1, 1987[,] failed to note the time when the process came into hand and the time it was executed. Both are statutory requirements of a proper return of execution of process. Failure to state the times invalidates the service."); Gonzalez, 472 So.2d at 863 ("Section 48.21, Florida Statutes (1979)[,] requires those serving process to record, among other things, the manner of execution of the process and the name of the person served. A failure to record those facts invalidates the service, unless it is amended."); Trawick, supra, § 8:20. Of course, under section 48.21, NLAC was permitted to correct the error by amending the return of service, and NLAC did in fact file amended affidavits in an effort to remedy the problem. However, even as amended, the return of service was still facially defective because it entirely omitted the time that the process came to hand and, rather than state the specific date, it merely averred that it was received by the process server "[o]n or about July 7, 2006."
NLAC essentially argues that despite the clear requirements of section 48.21, it is not necessary to include in the return of service the specific date and time the process was received by the process server. We disagree. The Legislature underscored the importance of including all of the required information by specifically providing that "failure to state all the facts in the return" shall, at the court's discretion, subject the process server to a civil penalty. § 48.21, Fla. Stat. (2006) (emphasis added). To accept NLAC's argument would vitiate the pertinent provisions of the statute and we, therefore, reject it. We must abide by the basic tenet that "`the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.'" Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla. 2006) (quoting State v. Goode, 830 So.2d 817, 824 (Fla.2002)).
We conclude that because the amended return of service was defective on its face, the trial court was not permitted to presume that the service of process was valid. However, the defects in the return of service did not divest the trial court of personal jurisdiction over RES and GSK. Instead, such jurisdiction is suspended and will lie dormant until NLAC submits proper proof of service. This will require a hearing or submission of proper affidavits by NLAC from the process server providing the necessary information mandated by section 48.21.[1] Accordingly, we remand *473 this case to the trial court for proceedings consistent with this opinion. See Thompson v. State, Dep't of Revenue, 867 So.2d 603 (Fla. 1st DCA 2004).
REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] We note, parenthetically, that the parties did set a hearing date for the purpose of resolving this matter, but the trial court, two days before the scheduled date, cancelled the hearing and subsequently rendered the order under review. Had the trial court proceeded with the hearing, it is very likely this matter would not have been brought to this court for review.