PER CURIAM.
Josiane Swartz appeals from a non-final order denying her motion to quash service of process, arguing that the lower court lacks jurisdiction over her person in this mortgage foreclosure case based upon alleged irregularities in issuance of the summons served on her. We have jurisdiction. See Fla. RApp. P. 9.130(a)(3)(C)(i); ReEmployment Servs., Ltd. v. Nat. Loan Acquisitions Co., 969 So.2d 467, 470 (Fla. 5th DCA 2007). After being served with process, Swartz filed a motion to dismiss which in no way contested the sufficiency of the summons or service. She never amended her motion to dismiss to include this issue as a defense, and first raised the issue approximately nine months later when she filed her motion to quash service of process. It is well-settled that a defense challenging the sufficiency of service of process is waived if not raised at the “first opportunity” either by motion or responsive pleading. Re-Employment Servs., Ltd., 969 So.2d at 470 (citations *268 omitted). The trial court properly applied this law in denying Swartz’s motion.[1]
AFFIRMED.
PALMER, LAWSON and JACOBUS, JJ., concur.

. Swartz also argues that the trial court should have granted her motion to dismiss based primarily upon the defense that Appel-lee lacks standing to bring the foreclosure action. We do not address any issues relating to denial of the motion to dismiss. The trial court denied Swartz's motion to dismiss on October 26, 2011. This was a non-appealable order. See, e.g., Supal v. Pelot, 469 So.2d 949 (Fla. 5th DCA 1985) (recognizing that an order denying a motion to dismiss for lack of standing is a non-final, non-appealable order). The trial court denied Swartz's motion to quash service of process more than three months later, on October 26, 2011. Even if the two rulings had been made in the same order, the issues relating to denial of the motion to dismiss would not be properly before us. See, e.g., RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993) (recognizing rule 1.930 does not permit interlocutory review of order denying motion to dismiss simply because of fortuity that order also quashed service of process; fact that order rules on an issue that is subject to interlocutory appeal does not permit rulings made in same order on other issues to "tag along”).