ORFINGER, C.J.
David and Julianne Walker appeal a non-final order entered by the trial court denying their motion to quash service of process.[1] Because the process server failed to strictly comply with section 48.031(5), Florida Statutes (2012), we reverse.
Fifth Third Mortgage Company filed a mortgage foreclosure action against the Walkers. A process server personally served the Walkers with a summons and a copy of the complaint. However, the process server failed to include the date and time of service, or his identification number on any of the documents served on the Walkers. The Walkers filed a motion to quash service of process, asserting that the process server failed to comply with the terms of section 48.031(5), which provides that “[a] person serving process shall place, on the first page of at least one of the processes served, the date and time of service and his or her identification number and initials for all service of process.” § 48.031(5), Fla. Stat. (2012) (emphasis added). The trial court denied the Walkers’ motion.
In Schofield v. Wells Fargo Bank, N.A., 95 So.3d 1051 (Fla. 5th DCA 2012), this Court addressed the identical situation. In reversing the order denying the defendant’s motion to quash service, we explained:
*268 Service of process must strictly comply with all relevant statutory provisions. See Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001) (holding that “statutes governing service of process are to be strictly construed and enforced”); Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007) (holding that “courts require strict construction of, and compliance with, the provisions of statutes governing service of process”).
Id. at 1052. As we did in Schofield, we reverse the trial court’s order denying the Walkers’ motion to quash service of process and remand this matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PALMER and BERGER, JJ., concur.

. Appellate jurisdiction is proper pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).