CLARK, J.,
dissents.
I dissent. The amended notice of appeal designates the order denying the motion to quash service and set aside default as the order on appeal. See Fla. R.App. P. 9.130(c). This is an appealable order because the trial court found, after the evi-dentiary hearing on the motion, that the licensed process server “personally served the summons and complaint upon Defendant on December 21, 2011.” Thus, the trial court’s order made a fact determination that valid service of process had occurred, conferring personal jurisdiction over the defendant upon the court. Interlocutory orders that determine issues involving service of process are appealable under rule 9.130(a)(3)(C)(i), Florida Rules *294 of Appellate Procedure. Fisher v. Int’l Longshoremen’s Ass’n, 827 So.2d 1096 (Fla. 1st DCA 2002).
On the other hand, the order denying the defendant’s motion for rehearing or reconsideration is not an appealable order. While a trial court has the authority upon a motion for rehearing to “reopen the judgment if one has been entered, take additional testimony and enter a new judgment,” pursuant to rule 1.580(a), Florida Rules of Civil Procedure, the trial court’s authority does not add to the appellate jurisdiction in this court. Non-final orders are only appealable if they are included in one of the categories listed in rule 9.130. Nat’l Lake Devs., Inc. v. Lake Tippecanoe Owners Ass’n, Inc., 417 So.2d 655 (Fla.1982). As stated in Agere Systems Inc. v. All American Crating, Inc., 931 So.2d 244, 245 (Fla. 5th DCA 2006), “an order that simply denies a motion for reconsideration or rehearing of an underlying non-final order ... is not in itself an appealable order.”
Likewise, an order denying a motion to set aside a clerk’s default is not an appeal-able non-final order under rule 9.130(a)(3), Florida Rules of Appellate Procedure. BMW Fin. Servs. NA v. Alger, 834 So.2d 408 (Fla. 5th DCA 2003); Bedi v. BAC Home Loans Serv., LP, 64 So.3d 681 (Fla. 2d DCA 2011). The fact that the denial of the motion to set aside clerk’s default was contained in the same order as the denial of the motion to quash service does not allow appellate review by this court. Other rulings contained in the same order as the ruling on service of process do not “tag along” to become appealable non-final orders under rule 9.130(a)(3)(C)(i). RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993); Swartz v. CitiMortgage, Inc., 97 So.3d 267, n. 1 (Fla. 5th DCA 2012). The order denying the motion to set aside the clerk’s default does not become an appealable non-final order by virtue of being contained in the order denying motion to quash service.
Accordingly, our review in this appeal is limited to the portion of the trial court’s order entered June 7, 2012, denying the motion to quash service of process upon the defendant.
The complaint for breach of contract was filed on November 29, 2011, in the Fourteenth Judicial Circuit in Washington County, Florida. Godfrey Panama City Inv. LLC v. The Panama City Gen. P’ship, Case No. 2011-CA-0503. Summons was issued by the Clerk of Court with correct case number, case style, and Court designation. The defendant’s address was located in the State of Illinois. On January 4, 2012, the affidavit of service signed and sworn to by the Illinois process server, Robert Brady, was filed with the court. The affidavit stated that service was obtained upon the defendant’s representative, George Porretta, at the Illinois address, on December 21, 2011. Plaintiff filed its motion for default for the defendant’s failure to file any paper in the action on January 12, 2012, and the clerk entered a default that same date. Fla. R. Civ. P. 1.500(a).
On March 2, 2012, fifty days after entry of the clerk’s default, Defendant Panama City General Partnership filed its motion to quash service and set aside default. The Partnership contested the fact of service of process, claiming that Mr. Porretta was never served with the Complaint and Summons for Washington County case number 2011 CA 0503 and that he had changed his residence two days prior to the purported service of process on December 21, 2011. A supporting affidavit of George Porretta was attached to the motion. The hearing on defendant’s motion was set for June 5, 2012.
*295 On the day before the hearing, June 4, 2012, Plaintiff filed a second affidavit of Illinois process server Robert Brady. Mr. Brady’s affidavit contested the facts asserted in Mr. Porretta’s affidavit and attested to additional details of the service of process upon Mr. Porretta on December 21, 2011. The hearing on Defendant’s motion proceeded on June 5, 2012, as scheduled. Both parties were represented by counsel and there was no question that each party had sufficient notice of the hearing. The evidence presented by Defendant was Mr. Porretta’s affidavit, filed with the defense’s motion. The plaintiffs evidence consisted of the two affidavits of process server Brady, the first filed January 4, 2012 and the second filed June 4, 2012.
As the hearing progressed, defense counsel argued that Mr. Porretta’s affidavit denying service of process was sufficient to quash service of process, but if the judge was inclined to deny the motion, “we are, under the law, completely entitled to an evidentiary hearing.” Plaintiffs counsel argued that the hearing on the motion to quash service constituted an evidentiary hearing and that evidence had been submitted in the form of affidavits. Both parties had notice of the hearing and were free to prepare and present whatever evidence they deemed appropriate. The court noted that the motion was filed by the defense, that both parties had notice of the hearing upon the defense motion, and declined to set an additional hearing. The court issued its order a few days later, on June 7, 2012.
In the order denying motion to quash service and set aside default, the trial court found that the “record demonstrates that Robert A. Brady, a licensed process server in the State of Illinois, personally served the summons and complaint upon Defendant December 21, 2011.” Thus, the trial court determined the weight and credibility to be given the conflicting affidavits filed in the case and made a finding of fact based on that evidence. The court then applied the law, as set out in Sun-Trust Bank v. Electronic Wireless Corp., 28 So.3d 774 (Fla. 3d DCA 2009) and Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996), that “the Defendant may not impeach the validity of the summons simply by a denial of service.” Concluding that “the Defendant has failed to sustain the high burden of demonstrating the invalidity of service,” the court denied the motion to quash service. In addition, the court denied the motion to set aside the clerk’s default which, as previously noted, is not on review.
Defendant, The Panama City General Partnership, filed its motion for rehearing or reconsideration on June 18, 2011. The Partnership asserted extensive facts in its motion and attached exhibits to support its allegations that Mr. Porretta was not located at the residential address on December 21, 2011, and that Mr. Brady’s affidavits were far outweighed by the counter-affidavits and other evidence the Partnership was now prepared to present to the court. However, without conducting a hearing on the motion, the trial court entered its order denying rehearing or reconsideration on June 19, 2011. The trial court did not make any findings of fact or otherwise indicate that it accepted additional evidence or alter its original order on the motion in any way. As previously explained, although the trial court certainly could have reopened the matter, held an additional hearing, and entered a new order on the motion to quash service and set aside default, the trial court’s decision not to do so is not an appealable order reviewable by this court.
The trial court properly concluded that the hearing on Defendant’s motion was the *296 evidentiary hearing to which Defendant was entitled. The conflicting affidavits filed in this case and considered at the hearing on the motion in this case are competent substantive evidence, unlike the mere argument of counsel presented in Linville v. Home Sav. of America, 629 So.2d 295 (Fla. 4th DCA 1993) and single affidavit and argument of counsel presented in Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364 (Fla. 4th DCA 1997).
I would affirm the order denying the motion to quash service of process and set aside default.