DAMOORGIAN, C.J.
Ramana and Durgasguthi Chigurupati appeal the trial court’s order denying their motion to quash service of process and set aside a clerk’s default entered against them in a subrogation suit brought by Progressive American Insurance Company (“Progressive”). We reverse the trial court’s ruling as it pertains to setting aside the clerk’s default because the court did not have personal jurisdiction over Appellants at the time the clerk entered default. We affirm with respect to the court’s ruling refusing to quash service of process because Progressive eventually corrected the error which originally divested the court of personal jurisdiction over Appellants.
Appellants are Ohio residents who were involved in an auto accident in St. Lucie County. Progressive insured the driver of the other vehicle involved in the auto accident and filed suit against Appellants to recover for amounts paid to its insured. It served Appellants via individual and substitute service[1] at their home in Ohio on August 25, 2012. The process server filled out, signed, and filed with the court a “Verified Return of Service” for each of the Appellants. Although the returns outlined the time, manner, and place of service, they were not notarized. On February 19, 2013, Progressive moved for a clerk’s default against Appellants for failure to serve or file any paper. The clerk entered default three days later.
Appellants then filed a Motion to Quash Service and Vacate Default arguing that the court lacked personal jurisdiction over them at the time the clerk entered default because the returns of service were not notarized and were thus invalid. In response, Progressive filed amended returns of service which were the same as the original returns of service with the addition that they were sworn to and notarized. After hearing argument from both parties, the court denied Appellants’ motion, ruling that requiring a notary seal on the returns put form over substance and that any defect in service was remedied *265 when Progressive filed their amended returns of service.
“A trial court’s ruling on a motion to quash service of process consists of a question of law subject to a de novo standard of review.” Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 698 (Fla. 4th DCA 2010). However, we review an order denying a motion to vacate a default for an abuse of discretion. Elliott v. Aurora Loan Servs., LLC, 31 So.3d 304, 306 (Fla. 4th DCA 2010).
Section 48.194 governs personal service outside the State of Florida and provides, in pertinent part:
Except as otherwise provided herein, service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made. Service of process on persons outside the United States may be required to conform to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.
§ 48.194(1), Fla. Stat. (2012) (emphasis added).
The term “affidavit” is not defined in chapter 48, however, at least two of our sister courts have interpreted the word “affidavit” as used in section 48.194 as requiring a verification of service of process to be sworn and notarized. In Pina v. Simon-Pina, 544 So.2d 1161 (Fla. 5th DCA 1989), the Fifth District considered whether service of process on an out-of-state resident was sufficient under section 48.194 when the process server signed an acknowledgment of service rather than an oath or affidavit before a notary public. Id. at 1162. It held that it was not, reasoning that: “[I]n an affidavit, which is required by section 48.194, the person swearing before the notary must under oath assert that the facts set forth in the document are true” as opposed to “merely declaring] that he executed and signed the document.” Id. Similarly, in Nettles v. White, 439 So.2d 1048 (Fla. 2d DCA 1983), the Second District held that an “affidavit” accompanying a return of service did not meet the requirements of section 48.194 because it was not sworn to. Id. at 1049.
We find Pina and Nettles instructive to this case. It is a fundamental rule of statutory construction that legislatively undefined words are to be given their plain and ordinary meaning. WFTV, Inc. v. Wilken, 675 So.2d 674, 677 (Fla. 4th DCA 1996). “If necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary.” Id. According to Black’s Law Dictionary, “affidavit” means “[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths.” Black’s Law Dictionary 66 (9th ed. 2009) (emphasis added). Taken in light of the principle that statutes governing service of process should be strictly construed, Bank of Am., N.A. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010), section 48.194 requires that the service of process on a person residing outside the state of Florida should be evidenced by a sworn and notarized document stating the time, place, and manner of service.
Here, the verification of service filed before default was not sworn to or notarized and thus was improper under section 48.194. Although Progressive la *266 ter filed an amended verification of process which was sworn and notarized as required by section 48.194, this was not until after the clerk entered default against Appellants. “When there is an error or omission in the return of service, personal jurisdiction is suspended and it ‘lies dormant’ until proper proof of valid service is submitted.” Re-Emp’t Servs., Ltd. v. Natl Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007). During the period of dormancy, the trial court and the clerk are without authority to enter default. Tetley v. Lett, 462 So.2d 1126, 1127 (Fla. 4th DCA 1984). Accordingly, the clerk did not have the authority to enter default against Appellants when it did. Therefore, while it was proper for the court to deny Appellants’ motion to quash service because Progressive eventually established proper service of process, the trial court abused its discretion by denying Appellants’ motion to vacate default. Id. (holding that trial court should have granted motion to set aside clerk’s default when the clerk entered default based on a return of service that did not comply with statutory requirements).

Affirmed in Part and Reversed in Part.

GERBER and CONNER, JJ., concur.

. According to the return of service, the process servicer served Mr. Chigurupati individually and Mrs. Chigurupati through substitute service on Mr. Chigurupati.