DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHAN H. SNIDER,**
Appellant,

v.

**MARY LOU SNIDER METCALFE**, individually and as Trustee under the Testamentary Trusts under November 17, 1986 Last Will and Testament of **HARRISON SNIDER,** Deceased, and **RANDY RANSOM CULLER,** individually and as Trustee under the Testamentary Trusts under November 17, 1986 Last Will and Testament of **HARRISON SNIDER,** Deceased,
Appellees.

No. 4D13-4043

[February 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 502009CP005493XXXXSB.

James A. Herb of Herb Law Firm, Chartered, Boca Raton, for appellant.

George P. Ord of Murphy Reid, L.L.P., Palm Beach Gardens, for appellees.

FORST, J.

Appellant Stephan Snider appeals the final order dismissing his case against Appellees Mary Lou Snider Metcalfe and Randy Ransom Culler for lack of personal jurisdiction. We find no error with the trial court's determination that it lacked personal jurisdiction over Appellees, and thus we affirm; however, we write to address Appellant's preliminary claim that Appellees waived their right to contest personal jurisdiction.

**Background**

Appellant is the son of the deceased Harrison Snider ("Decedent"). Appellee Mary Lou Snider Metcalfe ("the Wife") was the wife of the Decedent at the time of his death. In 1986, the Decedent executed a last will and testament in Florida. The will provided for the creation of three

testamentary trusts ("the Trusts"). The named co-trustees for the Trusts were the Wife and a friend of the Decedent, James Frevert. Appellant was a beneficiary of the Trusts.

The Decedent died later in 1986. His will was probated in Palm Beach County, and the Wife and Frevert commenced serving as co-trustees of all the Trusts. In 1998, the Wife moved from Florida to North Carolina. Frevert resigned as co-trustee in 2001, and then the Wife appointed her relative, Michael S. Culler, as co-trustee. Michael Culler served as co-trustee until 2006, and then the Wife appointed another relative, Appellee Randy Culler, as co-trustee.

In December 2009, Appellant filed a complaint against Appellees, as the current co-trustees of the Trusts, and Michael Culler, as a former co-trustee (but he was eventually dismissed from the suit), primarily alleging breach of fiduciary duty and breach of trust. In response, the Trustees moved to dismiss the complaint on the grounds of statute of limitations and laches in February 2010. This motion did not assert lack of personal jurisdiction over Appellees as a defense. No hearing was set for the motion.

While the motion was pending, Appellees participated in discovery by responding to Appellant's interrogatory requests. Nothing occurred in the case until December 2011, when Appellees filed a notice of intent to use trust funds to pay for attorneys' fees and costs. The next filing was Appellees' amended motion to dismiss in July 2012. The amended motion requested dismissal of the action solely on the basis of lack of personal jurisdiction over Appellees. Appellees also filed affidavits in support of their amended motion. After several additional amendments to both the complaint and the motion to dismiss, the trial court ultimately granted Appellees' motion and dismissed the complaint on the grounds of lack of personal jurisdiction.

## Analysis

Appellant first argues on appeal that Appellees waived their right to contest personal jurisdiction in the case because they filed an initial motion to dismiss without asserting a challenge to the court's jurisdiction over them. Whether a defendant has waived the defense of lack of personal jurisdiction is a pure question of law, which we review de novo. *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 80 (Fla. 2d DCA 2014).

Lack of personal jurisdiction is a waivable defense that must be raised at the "first opportunity" and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction. *See* Fla. R.

Civ. P. 1.140(b); *Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007); *Solmo v. Friedman*, 909 So. 2d 560, 564 (Fla. 4th DCA 2005). "However, no waiver occurs if the initial motion to dismiss is amended to include the defense before the motion is heard." *Re-Employment Servs.*, 969 So. 2d at 470-71 (citing *Astra v. Colt Indus. Operating Corp.*, 452 So. 2d 1031, 1032 (Fla. 4th DCA 1984)).

Appellees correctly assert that our decision in *Astra* guides our waiver discussion in the instant case. In *Astra*, a third-party defendant filed a motion to dismiss the third-party complaint, attacking the claim for indemnification on the merits. *Astra*, 452 So. 2d at 1032. Five months later, but before the initial motion was heard, the defendant filed an amended motion to assert lack of personal jurisdiction. *Id.* We reversed the trial court's denial of the motion to dismiss and noted that the defendant "did nothing in the litigation that could constitute a waiver of its objection to personal jurisdiction other than its filing of the original motion[] to dismiss" and so it would be "hypertechnical" to suggest that the defendant waived the challenge by raising it in the amended motion and not the original. *Id.* at 1032-33.

Similarly, Appellees in the instant action filed an initial motion to dismiss based on statute of limitations and laches and then, before the initial motion was ruled upon, filed an amended motion to dismiss based on lack of personal jurisdiction. Although the amended motion was filed over two years after the initial motion was filed, Appellees took no steps in the proceedings that would amount to "submission to the court's jurisdiction" and lead to waiver of the right to challenge that jurisdiction. *See Solmo*, 909 So. 2d at 564; *Cumberland Software, Inc. v. Great Am. Mortg. Corp.*, 507 So. 2d 794, 795 (Fla. 4th DCA 1987). The only steps Appellees took in the case, aside from the motions to dismiss, were the filing of the notice of intent to use trust funds to pay for attorneys' fees and their two responses to a discovery request by Appellant. Neither of these actions would amount to "submission to the court's jurisdiction,"[1]

---

[1] While the dissent asserts that the filing of the notice of intent to use trust funds to pay for attorneys' fees is "akin to moving the court to grant a request materially beneficial to them," this assertion is incorrect where the notice was filed pursuant to the statutory requirement in section 736.0802(10), Florida Statutes (2011). Section 736.0802(10) provides for the payment of attorneys' fees incurred in any proceeding involving the trust from the assets of the trust "without the approval of any person and without court authorization." The exception is when the action involves a breach of trust, as in the instant case. § 736.0802(10), Fla. Stat. Where breach of trust is alleged against the trustee, "the trustee shall provide written notice to each qualified beneficiary of the trust whose share of the trust may be affected by the payment of attorney's fees." § 736.0802(10)(a). Once this

3

nor do they constitute requests for affirmative relief.[2]  S*ee Brown v. U.S. Bank Nat'l Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013) (citing *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998)).

The cases Appellant offers in support of his waiver argument are all distinguishable on the facts.  In both *Fiocchi v. Trainello*, 566 So. 2d 904 (Fla. 4th DCA 1990), and *Zimmerman v. Weinberg*, 557 So. 2d 193 (Fla. 4th DCA 1990), the defendants waived their challenges to personal jurisdiction where they filed initial motions in the case without asserting the defense, *obtained a ruling on their motions*, and then filed an amended or subsequent motion asserting lack of jurisdiction for the first time. *Contra Re-Employment Servs.*, 969 So. 2d at 470-71.  In *Bailey, Hunt, Jones & Busto v. Scutieri*, 759 So. 2d 706, 708 (Fla. 3d DCA 2000), the defendants waived any objection to personal jurisdiction because they had sought affirmative relief through filing their own pleadings with the court and had been actively litigating the case in federal court for three years before asserting the jurisdictional challenge.  In the instant case, Appellees did not seek affirmative relief, nor did they receive a ruling on their initial motion prior to their challenge to personal jurisdiction.

We therefore affirm the final order dismissing the case where Appellees did not waive their challenge to personal jurisdiction and no error exists

---

notice is provided, the burden is on a party to the action to obtain a court order to prohibit the trustee from paying for fees from trust assets. § 736.0802(10)(b). As such, the notice was not requesting the court to take any action, much less action materially beneficial to Appellees, where any action taken by the court in response to the notice would be action on behalf of Appellant and would likely not be beneficial to Appellees.

Nor can Appellees' responses to Appellant's discovery request be considered conduct in submission to the court's jurisdiction where Appellees were not the parties seeking discovery in the proceedings and they were not requesting any relief from the court related to the request. *But see Markowitz v. Merson*, 869 So. 2d 728, 729 (Fla. 4th DCA 2004) (finding waiver of a challenge to personal jurisdiction where *the defendant sought discovery* in the proceedings before asserting the claim of lack of personal jurisdiction); *Joannou v. Corsini*, 543 So. 2d 308, 311 (Fla. 4th DCA 1989) (finding a defendant waived his claim of lack of personal jurisdiction where he "made an appearance and claimed rights under the Florida Rules of Civil Procedure which are available to parties").

[2] "'Affirmative relief' has been defined as 'relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiff's action.'" *Empire Beauty Salon v. Commercial Loan Solutions IV, LLC*, 39 Fla. L. Weekly D2381, at *4 (Fla. 5th DCA Nov. 14, 2014) (quoting BLACK'S LAW DICTIONARY 1482 (10th ed. 2014)).

with the trial court's determination that it lacked personal jurisdiction over Appellees.

*Affirmed.*

STEVENSON, J., concurs.
KLINGENSMITH, J., dissents with opinion.

KLINGENSMITH, J., dissenting.

In my view, Appellees waived their right to contest personal jurisdiction. It is well-settled that lack of personal jurisdiction is a privileged defense that can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979).

As acknowledged by the majority, Appellees filed their notice of intent to use trust funds to pay for attorneys' fees, and participated in non-jurisdictional discovery with Appellant. Appellees also responded to Appellant's interrogatory requests without appearing specially, and without raising an objection or moving to stay the discovery before their jurisdictional challenge was resolved. These actions, had they been undertaken in this case, would be the type of defensive actions that would not constitute a waiver of jurisdiction, as contemplated by *Brown v. U.S. Bank National Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013). Similarly, Appellees' notice of intent to use trust funds to pay for fees, filed with the court, is akin to moving the court to grant a request materially beneficial to them, because the notice triggers the right to receive the fees absent an objection by the opposing party. Therefore, it constitutes a submission to jurisdiction. *See First Wis. Nat'l Bank v. Donian*, 343 So. 2d 943, 945 (Fla. 2d DCA 1977).

As such, this case is not like the situation presented in *Astra v. Colt Industries Operating Corp.*, where that defendant "did nothing in the litigation that could constitute a waiver of its objection to personal jurisdiction other than its filing of the original motion[] to dismiss." 452 So. 2d 1031, 1032 (Fla. 4th DCA 1984).

As the Second District has previously noted, "Florida courts have recognized various defenses that, when raised, do not waive personal jurisdiction." *Faller v. Faller*, 51 So. 3d 1235, 1237 (Fla. 2d DCA 2011) (motion to stay due to similar lawsuit pending in another jurisdiction) (citing *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) (motion for

relief from monetary judgments for child support arrearages)); *Banco de Costa Rica v. Rodriguez,* 573 So. 2d 833, 834 (Fla. 1991) (motion to quash a deposition subpoena); *Parker v. George S. Heilpern, Trust,* 637 So. 2d 295, 296 (Fla. 4th DCA 1994) (objection to codefendant's motion to share in foreclosure proceeds); *Cumberland Software, Inc. v. Great Am. Mortg. Corp.,* 507 So. 2d 794, 795-96 (Fla. 4th DCA 1987) (answer and compulsory counterclaim); *Arch Aluminum & Glass Co. v. Haney,* 964 So. 2d 228, 235 (Fla. 4th DCA 2007) (compulsory counterclaim); *Two Worlds United v. Zylstra,* 46 So. 3d 1175 (Fla. 2d DCA 2010) (motion for section 57.105 attorney's fees); *Berne v. Beznos,* 819 So. 2d 235, 237 (Fla. 3d DCA 2002) (answer and motions to dismiss and for summary judgment); *Heineken v. Heineken,* 683 So. 2d 194, 197 (Fla. 1st DCA 1996) (request in motion to dismiss that trial court order spouse to pay attorney's fees incurred in prosecuting the motion); *Oy v. Carnival Cruise Lines, Inc.,* 632 So. 2d 724, 725 (Fla. 3d DCA 1994) (motion for protective order); *Permenter v. Fuertado,* 541 So. 2d 1331, 1331 (Fla. 3d DCA 1989) (motion to stay litigation pending appeal of denial of motion to vacate default and quash service). Appellees' actions are not analogous to any of these.

Cases from other jurisdictions have also held that defendants waive the defense of lack of personal jurisdiction "by submission through conduct." *See, e.g., Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58 (2d Cir. 1999) (defendant impliedly consented to personal jurisdiction of court by waiting four years after filing answer to file motion to dismiss and participating in extensive pretrial discovery); *Cont'l Bank, N.A. v. Meyer,* 10 F.3d 1293 (7th Cir. 1993) (defendant waived defense of lack of personal jurisdiction by participating in pretrial activities for two and a half years before raising this defense); *Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1303 (2d Cir. 1990) (court found defense of lack of personal jurisdiction waived by defendant who participated in discovery and motion practice); *Marcial Ucin, S.A. v. S.S. Galicia,* 723 F.2d 994, 997 (1st Cir. 1983) (court held defendant waived defense of lack of personal jurisdiction because defendant waited four years and attended thirteen depositions before asserting the defense); *Kearns v. Ferrari,* 752 F. Supp. 749, 752 (E.D. Mich. 1990) (court found lack of personal jurisdiction defense waived because defendants waited four years and one defendant filed a motion for partial summary judgment before asserting the defense); *In re Fin. Partners Class Action,* No. 82 C 6611 (N.D. Ill. Aug. 23, 1985) (court held defense of personal jurisdiction waived because defendant participated in discovery, filed discovery motions, attended status hearings and waited two years to formally assert defense); *Pearson v. Lake Forest Country Day Sch.,* 633 N.E.2d 1315, 1318 (Ill. App. Ct. 1994) (finding that defendant's objection to personal jurisdiction was waived when defendant raised substantive defenses to claims and participated in discovery).

In Florida, "a defendant waives a challenge to personal jurisdiction by seeking affirmative relief," but not by filing "a defensive motion seeking to avoid the judgments." *Babcock*, 707 So. 2d at 704-05; *see also Faller*, 51 So. 3d at 1236 (stating that "defending the case does not waive personal jurisdiction" (citing *Berne*, 819 So. 2d at 238; *Heineken*, 683 So. 2d at 197)). The actions taken here by Appellees were not merely defensive in nature, but instead indicate a willingness to submit to the jurisdiction of the court through active litigation. *See Bailey, Hunt, Jones & Busto v. Scutieri*, 759 So. 2d 706, 708 (Fla. 3d DCA 2000) (stating that "[t]he longstanding rule in Florida has been that if a defendant files any pleading to merits [sic] of the case the defendant waives all challenges to service of process or jurisdiction"); *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (noting that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal"); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation.").

To hold that the privilege of lack of personal jurisdiction may be retained by an appearing defendant for over two years despite actively engaging in non-jurisdictional discovery would be "subversive of orderly procedure and make for harmful delay and confusion." *Cf. Commercial Cas. Ins. Co. v. Consol. Stone Co.*, 278 U.S. 177, 180 (1929) (statement made in relation to the privilege of venue). *See Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie–Tynes Mfg. Co.*, No. 99-4042, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000) (unpublished) ("After its lengthy participation in this litigation . . . [defendant] may not pull its personal jurisdiction defense out of the hat like a rabbit." (internal quotation marks omitted)). Furthermore, similar to the cases of *Spearman v. Sterling Steamship Co.*, 171 F. Supp. 287 (E.D. Pa. 1959), and *Vozeh v. Good Samaritan Hospital*, 84 F.R.D. 143 (S.D.N.Y. 1979), parties could be placed at an unfair disadvantage if faced with the possibility that during any delay the statute of limitations in the other jurisdiction might run, thereby barring their claim should jurisdiction in this forum be successfully challenged.

On these facts, I would reverse the trial court's final order and find that Appellees' conduct was sufficiently dilatory and inconsistent with its

assertion of lack of *in personam* jurisdiction to constitute a waiver of the defense.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**